## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**Case No. :**

BOUSTEAD SECURITIES LLC,

     Petitioner,

v.

UNATION, INC.,

     Respondent.

_____/

## PETITION TO CONFIRM ARBITRATION AWARD
## AND INCORPORATED MEMORANDUM OF LAW

Petitioner Boustead Securities, LLC ("**Boustead**" or "**Petitioner**"), pursuant to 28 U.S.C. § 1332 and 9 U.S.C. §§ 9-11, hereby files this Petition to Confirm Arbitration Award and Incorporated Memorandum of Law ("**Petition to Confirm**").  In support thereof, Petitioner respectfully states as follows:

## JURISDICTION, VENUE, AND PARTIES

1.      This is an action to confirm an arbitration award, entered in Washington, District of Columbia, pursuant to the Federal Arbitration Act ("**FAA**"), 9 U.S.C. § 9.

2.       This Court has jurisdiction pursuant to 28 U.S.C. § 1332, in that there is diversity of citizenship between Boustead and Respondent UNation, Inc. ("**UNation**" or "**Respondent**"), and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.      At all times material, Boustead was and is a limited liability company organized

1

under the laws of the State of California, with its principal place of business in the State of California.  Boustead's sole member is Boustead & Company Limited, a Nevada corporation.

4.      At all times material, Respondent UNation was and is a Delaware corporation, with its principle place of business in Tampa, Florida.

5.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because Respondent UNation is located in Tampa, Florida.

6.      This Court has personal jurisdiction over Respondent UNation because Respondent UNation is authorized to do business in Florida, conducts business in Florida, and has been engaged in substantial and not isolated activities in Florida.

## FACTUAL ALLEGATIONS

7.      On or about October 15, 2019, Boustead filed a Demand for Arbitration with JAMS against Respondent UNation, entitled *Boustead Securities LLC v. UNation, Inc.*, JAMS Case No. 1410008338 (the "**JAMS Arbitration**").  In its statement of claim ("**Statement of Claim**"), Boustead sought relief for breach of contract, unjust enrichment, accounting, and breach of duty of good faith and fair dealing against Respondent UNation.  Boustead's claims were predicated upon the contract Boustead and Respondent UNation entered into on or about August 17, 2017 (the "**Agreement**") (the Agreement is attached hereto as "Exhibit A"), wherein Boustead agreed to provide advisory and underwriting services to enable Respondent UNation to be listed by the Securities and Exchange Commission ("**SEC**") in exchange for specified compensation.

8.      Boustead claimed that Respondent UNation breached the Agreement by failing to provide an accounting of investments made during and after the contract period and failing to

pay Success Fees (as defined in the Agreement) in cash and warrants based on those investments.

9.     Respondent UNation stated in defense that it owed no such Success Fees and claimed that Boustead had abandoned the Agreement.

10.     An arbitration hearing (the "**Final Hearing**") was conducted before a single arbitrator via Zoom[1] on September 23, 24, and 27, 2021.  On October 26, 2021, the arbitration panel entered a final award (the "**Award**") in Boustead's favor (a copy of the Award is attached hereto as "Exhibit B") stating that Boustead performed all services required under the Agreement by the totality of the evidence, and that Respondent UNation breached the Agreement by failing to pay the Success Fees owed to Boustead under Section 2(a)(iii) of the Agreement. Specifically, the arbitrator: i) ordered Respondent UNation to pay Boustead $669,684.33 in Success Fees, plus interest of 8% from August 16, 2019 until paid; and ii) ordered Respondent UNation to issue 112,236 warrants to Boustead for shares at $6.00 per share, and 138,141 warrants to Boustead for shares at $2.00 per share, in compliance with the terms of the Agreement.

11.     To date, Respondent UNation has failed to satisfy the Award, and has also failed to file or serve a petition to vacate, modify, or correct the Award in accordance with the FAA or state law in a timely manner.  The deadline for Respondent UNation to file any petition to vacate, modify, or correct the Award has passed.  As such, pursuant to 9 U.S.C. § 9, confirmation of the Award must be granted.

## MEMORANDUM OF LAW

Section 9 of the FAA authorizes courts to enter judgment upon arbitration awards. *See* 9

---

[1] Due to the Covid-19 Pandemic, the arbitration was conducted via Zoom.

U.S.C. § 9 ("[A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award.").  This Court should confirm the Award and enter judgment against Respondent UNation because (1) this Court is the appropriate forum to confirm the award under the FAA; (2) Boustead filed its Petition to Confirm the Award within one (1) year after it was issued; and (3) the Award has not been vacated, modified, or corrected, and the time to do so has expired.  *See* Exhibit B.

This matter is subject to the FAA because the business dealings at issue between Boustead and Respondent UNation involved interstate commerce.  *See Jenkins v. First Am. Cash Advance of Georgia, LLC*, 400 F.3d 868, 874 (11th Cir. 2005) ("The FAA defines 'commerce' as 'commerce among the several States.'") (internal citations omitted).  The FAA provides, in relevant part, as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.

9 U.S.C. § 9.  The parties' agreed in the Agreement that:

> Any controversy or claim relating to or arising from this Agreement (an "Arbitrable Dispute") shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the Judicial Arbitration and Mediation Services (the "JAMS") as such rules may be modified herein or as otherwise agreed by the parties in controversy.

Exhibit A at ¶ 8.  JAMS' Arbitration Rules are incorporated into the parties' Agreement by

4

reference.  *See International Broth. Of Elec. Workers, Local Union 824 v. Verizon Florida, LLC*, 803 F.3d 1241, 1248 (11th Cir. 2015), citing *Idea Nuova, Inc v. GM Licensing Gro25up, Inc.*, 617 F.3d 177, 181 (2nd Cir. 2010); *PTA-FLA, Inc. v. ZTE USA, Inc.*, No. 3:11-cv-510-J-32JRK, 2015 WL 12819186, at *4 (M.D. Fla.) (Court upheld parties' agreement to arbitrate under the arbitration forum's particular rules and deemed those rules to be incorporated into the parties' agreement to arbitrate).  JAMS' Arbitration Rule 25 states: "[p]roceedings to enforce, confirm, modify or vacate an Award will be controlled by and conducted in conformity with the [FAA], 9 U.S.C. § 1, *et seq.*, or applicable state law.  The Parties to an Arbitration under these Rules shall be deemed to have consented that judgment upon the Award may be entered in **any court having jurisdiction thereof**."  JAMS Comprehensive Arbitration Rules and Procedures, Rule 25. (emphasis added).  This Court has jurisdiction over this matter pursuant to 9 U.S.C. § 9 and JAMS' Arbitration Rule 25, and venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Respondent UNation is a resident of this District.  This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the adverse parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* Exhibit B at 11.

As acknowledged by the Supreme Court, a court's review of an arbitration award is "very limited."  *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36, 108 S. Ct. 364, 370, 98 L. Ed. 2d 286 (1987) (quoting *Steelworkers v. American Mfg. Co.,* 363 U.S. 564, 567–568, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960)).  A party may move to vacate, modify, or correct an arbitration award within three months of the award's issuance.  *See* 9 U.S.C. § 12. Petitions to confirm arbitration awards pursuant to the FAA are "usually routine or summary."

*Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 842 (11th Cir. 2011) (citations omitted).  In fact, arbitration awards are appropriately confirmed after the three-month statutory window to challenge them has expired.  *See Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989) (citing *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 177 (2d Cir. 1984)) ("When the three month limitations period has run without vacation of the arbitration award, the successful party has a right to [] obtain confirmation in a summary proceeding.").

As set forth above, the Award in the JAMS Arbitration was entered on October 26, 2021.[2]  Accordingly, any motion to vacate pursuant to 9 U.S.C. § 10, or any motion to modify or correct the Award pursuant to 9 U.S.C. § 12, must have been filed within three (3) months of being served with the Award.  *See* 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award **must** be served upon the adverse party or his attorney within three months after the award is filed or delivered.) (emphasis added).  To date – over three months after service of the Award on Respondent UNation – Respondent UNation has neither satisfied the Award nor filed any motion to vacate, modify, or correct the Award.  If a party seeks to confirm an arbitration award within a year of its entry, the court must do so unless the award has been vacated or modified under sections 10 or 11 of the FAA.  *See id.*  Accordingly, this Court must grant Boustead's Petition to Confirm.

---

[2] The Award was not served on the parties until February 16, 2022, due to Respondent UNation's failure to timely pay its fees due to JAMS.

WHEREFORE, Petitioner Boustead, respectfully requests that this Court grant Petitioner's Petition to Confirm, and grant Petitioner Boustead such other and further relief as the Court deems just and proper.

Dated: June 10, 2022

Respectfully submitted,

*/s/ Mark David Hunter*
Mark David Hunter, Esquire
Florida Bar No. 12995
Jenny Johnson-Sardella, Esquire
Florida Bar No. 67372
Hunter Taubman Fischer & Li LLC
2 Alhambra Plaza, Suite 650
Coral Gables, Florida 33134
Tel:     (305) 629-1180
Fax:     (305) 629-8099
E-mail:     mhunter@htflawyers.com
             jsardella@htflawyers.com