UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOUSTEAD SECURITIES LLC,

    Petitioner,

v.                                            Case No: 8:22-cv-1329-CEH-CPT

UNATION, INC.,

    Respondent.

## ORDER

This matter comes before the Court on Plaintiff Boustead Securities LLC's "Petition to Confirm Arbitration Award and Incorporated Memorandum of Law." Doc. 1. Plaintiff filed a Complaint on June 10, 2022, in which it requested that the Court confirm an arbitration award against Defendant UNation, Inc., identifying diversity of citizenship as the Court's basis for jurisdiction. *Id.* at 1. On July 6, 2022, Defendant filed an answer. Doc. 12. After reviewing the complaint, answer, and record, the Court will grant Plaintiff's petition and confirm the award.

**I.    BACKGROUND**

On October 15, 2019, Plaintiff initiated arbitration against Defendant based on a breach of contract claim. Doc. 1 ¶7; Doc. 1-2 at 2. On October 26, 2021, Arbitrator Sherrie L. Krauser, a former Maryland state court judge, issued an award in favor of Plaintiff in the amount of $669,684.33, plus interest. Doc. 1-2 at 11. Additionally, she

directed Defendant to issue Plaintiff 112,236 warrants for shares at $6.00 per share, and 138,141 warrants for shares at $2.00 per share. *Id.*

Plaintiff filed its Complaint and Petition to Confirm an Arbitration Award in this Court on June 10, 2022. Doc. 1. The petition alleges that jurisdiction is proper in this Court under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *Id.* ¶¶2–4. UNation does not contest that jurisdiction is proper. Doc. 12 at 1–2. However, UNation's answer to the Petition to Confirm includes an affirmative defense, in which it claims that a "condition precedent" was not met and that the award was "deleted from issuance." *Id.* at 2.

## II.   DISCUSSION

The Federal Arbitration Act ("FAA") does not confer federal courts subject matter jurisdiction over all arbitration cases. *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009). Instead, an independent basis for federal jurisdiction must exist. *Id.* Likewise, the Court does not have jurisdiction over every petition to enforce an arbitration award by virtue of the FAA. *See, e.g.*, *Quick & Reilly, Inc. v. Saglio*, 717 F. Supp. 822, 824 (S.D. Fla. 1989) ("Claimants who, in federal district court, seek confirmation of an arbitration award . . . must demonstrate independent grounds of federal subject matter jurisdiction . . . The provisions of [the Federal Arbitration Act] do not themselves confer subject matter jurisdiction on a federal district court.").

Here, the Court has subject-matter jurisdiction to decide this motion because the parties are completely diverse and the petition seeks confirmation of an award of

more than $75,000. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25 n.32 (1983); *accord Loral Corp. v. Swiftships, Inc.,* 77 F.3d 420, 422 (11th Cir. 1996).

Even when independent federal subject matter jurisdiction exists, judicial review of arbitration awards is extremely limited. *See AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.,* 579 F.3d 1268, 1271 (11th Cir. 2009). A party seeking to vacate, modify, or correct an award must serve notice of a motion requesting such relief on the adverse party or their attorney within three months after the award is filed or delivered. 9 U.S.C. § 12. The FAA imposes a heavy presumption in favor of confirming arbitration awards, and "a court's confirmation of an arbitration award is usually routine or summary." *Cat Charter, LLC v. Schurtenberger,* 646 F.3d 836, 842 (11th Cir. 2011).

"The Federal Arbitration Act provides in relevant part, '[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration,' then a United States court in the district in which the award was made has the authority to confirm the award." *Booth v. Hume Pub., Inc.,* 902 F.2d 925, 929-930 (11th Cir. 1990) (citing 9 U.S.C. § 9). Here, the parties agreed that any controversy or claim relating to or arising from the agreement would be settled "by arbitration in accordance with the Commercial Arbitration Rules of the Judicial Arbitration and Mediation Services (the 'JAMS') as such rules may be modified herein or as otherwise agreed by the parties in controversy." Doc. 1-1 ¶8. Thus, JAMS' Arbitration Rules are incorporated into the agreement by reference. *See International Broth. Of Elec. Workers, Local Union 824 v. Verizon Florida, LLC,* 803 F.3d 1241, 1248

3

(11th Cir. 2015). In relevant part, JAMS' Arbitration Rule 25 states that "[t]he Parties to an Arbitration under these Rules shall be deemed to have consented that judgment upon the Award may be entered in any court having jurisdiction thereof." JAMS Comprehensive Arbitration Rules and Procedures, Rule 25.[1]

Defendant's answer includes an affirmative defense. Doc. 12 at 2. It asserts that Plaintiff is not entitled to confirmation of the award "due to a failure of a condition precedent as the claimed Award was immediately deleted from issuance as JAMS withheld such Award pending collection of fees that JAMS claimed were due from the Parties, which Award was not received by UNATION until receipt of the service documents in this matter. As of this date and time, the Respondent is not award [sic] of the claimed Award being issued by JAMS subsequent it [sic] being deleted." Doc. 12 at 2. This argument, however, is unavailing for several reasons.

First, a party seeking to vacate, modify, or correct an award has three months from when the award is delivered to serve notice of a motion requesting such relief. 9 U.S.C. § 12. In this case, the award was issued on October 26, 2021. Doc. 1-2 at 11. According to Plaintiff's petition to confirm, it was "served" on the parties on February 16, 2022, due to Defendant's failure to timely pay its fees to JAMS. Doc. 1 at 6 n.2.

---

[1] Arbitral rules are a proper subject of judicial notice under Federal Rule of Evidence 201(b). *See Biomedical Eng'g Tr. v. Med. Device Bus. Servs., Inc.,* 2019 WL 13226027, at *3 (M.D. Fla. July 16, 2019); *Simon J. Burchett Photography v. Maersk Line Ltd.,* No. 20-CV-3288, 2020 WL 8261580, at *6 n.11 (S.D.N.Y. Dec. 30, 2020) (judicially noticing JAMS rules and collecting cases). The JAMS Rules are available online at the following link: https://www.jamsadr.com/files/Uploads/Documents/JAMS-Rules/JAMS_Comprehensive_Arbitration_Rules-2021.pdf ("JAMS Rules").

Using either date to calculate the three-month period, Defendant's affirmative defense, filed on July 6, 2022, is outside of the applicable time limits.[2] *See* Doc. 12. Moreover, Defendant's failure to properly move to vacate, modify, or correct the award within the three-month limitations period prescribed by the FAA "bars him from raising the alleged invalidity of the award as a defense." *Cullen v. Paine, Webber, Jackson & Curtis, Inc.,* 863 F.2d 851, 854 (11th Cir. 1989).

9 U.S.C. §§ 10 and 11 detail the exclusive grounds for which a motion to vacate, modify, or correct an award may be granted. The proper grounds for a motion to vacate are:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.  Otherwise, a court may modify or correct an award:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

---

[2] The award was issued on October 26, 2021. Doc. 1-2 at 11. Three months from this date would be January 26, 2022.  The award was served on the parties on February 16, 2022. Doc. 1 at 6 n.2. Three months from this date would be May 16, 2022.

9 U.S.C. § 11.

Defendant's affirmative defense vaguely refers to the failure of a condition precedent and states that the Defendant is not "award [sic] of the claimed Award being issued by JAMS subsequent it [sic] being deleted." Doc. 12 at 2–3. Even assuming this argument was timely and properly brought, it does not clearly fall under one of the categories listed in 9 U.S.C. §§ 9 and 10 and is not backed by citation to evidence or law. Thus, the Court's role in this dispute is limited. Because Defendant has failed to timely file a motion to vacate, correct, or modify based on the grounds set forth in sections 10 and 11 of the FAA, the Court will grant Plaintiff's Petition to Confirm.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's "Petition to Confirm Arbitration Award and Incorporated Memorandum of Law." (Doc. 1) is hereby **GRANTED**.
2. The arbitration award at Doc. 1-2 is **CONFIRMED.**
3. The parties are directed to confer and submit a proposed final judgment within fourteen (14) days of the date of this order. If after conferring, they cannot agree on a proposed judgment, each party may submit a separate proposal. If no proposed final judgment is submitted within fourteen (14) days, the Clerk is directed to terminate any pending motions and deadlines, and thereafter **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on March 6, 2023.

                                                          Charlene Edwards Honeywell
                                                          United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties